Emma M. MORGAN, Appellant,

v.

Dr. B. F. MORGAN, Sr., Appellee.

Court of Appeals of Kentucky.

May 19, 1961.

Rehearing Denied Oct. 6, 1961.

Jesse K. Lewis, Lexington, for appellant.

Thomas D. Theobald, Jr., Grayson, for appellee.

BIRD, Chief Justice.

During the course of a divorce action Emma M. Morgan and B. F. Morgan, Sr., settled the question of property rights by a written agreement, providing inter alia as follows:

"9. It is further agreed, adjudged and made a part of the consideration of this agreement and judgment that the defendant, B. F. Morgan, shall, in addition to the foregoing, pay all of the remaining costs of the dental education of the son of the parties to this action, B. F. Morgan, Jr., who is now a freshman dental student at the University of Louisville College of Dentistry and all of his living expenses until the said son graduates and should the said defendant predecease said son then defendant binds his estate, administrators, executors, heirs and assigns with the costs thereof.

"The foregoing, when complied with by the defendant, shall constitute full settlement of all claims of the plaintiff for alimony and maintenance of every kind and description herein and full satisfaction of all claims of the plaintiff against the defendant as well as full satisfaction of all claims of the defendant against the paintiff and shall be a full settlement of property rights between the parties to this action."

At the time of the execution of this agreement B. F. Morgan, Jr., was a student in the dental college of the University of Louisville. He was married, had one child, was expecting another, and was living in Louisville with his family. All of this was known to the parties at the time the agreement was executed.

B. F. Morgan, Jr. was in dental college approximately three and one-half years before graduating in June 1957. During this period of time the mother, Emma M. Morgan, contributed $4,948.14 to the son which she and the son claim were reasonably necessary for his living and that of his wife and children while in Louisville.

Under Section 9 of the agreement she seeks to recover this sum from her husband. The trial court denied her demand and she appeals.

We find the following contract in the record:

"This Agreement made and entered into, this the 5th day of June 1956, by and between, B. F. Morgan, Jr. and Dr. B. F. Morgan, Sr. both of Olive Hill, Carter County, Kentucky.

"Witnesseth, That for and in consideration of the sum of $3,000.00, cash in hand paid, the receipt of which is hereby acknowledged by B. F. Morgan, Jr.

"The sum of $3,000.00 is to pay the Dental School and living expenses of B. F. Morgan, Jr. for the school year starting Sept. 1st, 1956, or thereabouts, and ending June 1st, or thereabouts, 1957, this being the Senior year of B. F. Morgan, Jr. in Dental School.

"This agreement and payment is agreed between B. F. Morgan, Jr. and Dr. B. F. Morgan, Sr. as is in compliance with sec. 9 of the Judgment of the Fayette Circuit Court, Joseph Bradley Judge C.Cl E. dated Oct. 19th, 1953, Geo. DeLong, Clerk, Fayette Circuit Court.

"This constitutes full settlement as far as B. F. Morgan, Jr. and Dr. B. F. Morgan, Sr. are concerned of the obligation of B. F. Morgan, Sr. to complete Dental School cost and living expenses mentioned in section 9 of said Judgment, for the year mentioned. Said B. F. Morgan, Jr. is to take said money and pay his school, tuition, school expenses, and living expenses, himself, same to take the place of former periodic payment, and said B. F. Morgan, Jr. being at this time 22 years of age, and completing his Dental School, and same is in full settlement

between Father and Son, and in accord with the judgment of the Fayette Circuit Court.

"This June 5th, 1956.

"/s/ B. F. Morgan, Jr.
"/s/ Dr. B. F. Morgan
"/s/ Young Kennard
"/s/ Mrs. Elizabeth Morgan

"Witnesses Attest"

The father paid according to this agreement. We find however that the mother also contributed $1,325 to the son during the 1956–1957 school year and that this is a part of the total sum she seeks to recover. She and the son have testified that this sum and all other sums contributed by her were necessary to the son's subsistence while in dental college.

■ Nevertheless, we are of the opinion that the son, having reached his majority, could settle with his father as he did and thus release the father from further payment regardless of adequacy and necessity. Mrs. Morgan could not therefore recover the sums contributed by her during the period covered by the father and son agreement.

■ It appears that $825 of the sum demanded by Mrs. Morgan was contributed toward the purchase of an automobile. Doubtlessly the automobile was of great help to young Mr. Morgan and his family but we seriously question its being a part of the student's living expenses as contemplated by the property settlement agreement. We note that the father also contributed to the automobile fund. We are inclined to look upon this as a gift from both parents but not as a contribution by either toward the son's necessary living expenses. Mrs. Morgan will therefore not recover any sum contributed toward the purchase of an automobile.

The evidence shows without contradiction that Mrs. Morgan made every expenditure she claims and that they were necessary for her son's subsistence while in college. It is true that B. F. Morgan, Sr. contributed approximately $14,000 to B. F. Morgan, Jr. pursuant to the property settlement agreement. As nearly as we can determine from the record before us $2,180 of this sum was paid directly to the University of Louisville for tuition. Also included in this sum was an undetermined amount for books and supplies and the further sum of $300 which was contributed toward the purchase of an automobile.

It appears that the remainder of the $14,000 (approximately $11,300) was consumed by the family living expense while in Louisville. In other words the average sum contributed by the father for living expense was approximately $270 per month.

Excluding the car we find Mrs. Morgan contributed approximately $4,100 to the son's living expense. Considering the contribution from both parents our calculation indicates that the son's monthly living expense was approximately $370 and nobody testified that this is too much for a man with a wife and two children in the City of Louisville.

The evidence discloses a report of an exhaustive survey conducted by the American Dental Association through its council on dental education. The report sets forth the average expense of various groups including married students with children. The expense of young Mr. Morgan was not sufficiently above the average to be considered out of line.

■ It is the Court's conclusion that Mrs. Morgan should recover the sum for which she has sued less her contributions for purchase of the automobile and less the contributions made by her after the father and son executed the agreement for the school year of 1956–1957.

The judgment is reversed for proceedings consistent with this opinion.

MONTGOMERY and STEWART, JJ., dissent.